FILED

2008 Feb-28  AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA R. LOONEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.: 2:07-CV-1203-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

_____Plaintiff Brenda R. Looney (hereinafter "Ms. Looney") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act (hereinafter the "Act").  She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Secretary"), which denied her application for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB").  Ms. Looney timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Act.[1]

---

[1]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## <u>FACTUAL AND PROCEDURAL HISTORY</u>

Ms. Looney was 49 years old at the time of her hearing before the administrative law judge (hereinafter the "ALJ"). (Tr. 220). She has a high school education. (Tr. 221). Her past work experiences include work as a print machine operator, general office helper, and receptionist. (Tr. 18). Ms. Looney claims she became disabled on December 31, 2001, due to migraine headaches, asthma, high blood pressure, osteoarthritis, and back and neck pain. (Tr. 20, 21, 206). Her last period of work ended December 2001. (Tr. 222).

Ms. Looney concurrently filed her applications for a period of disability, DIB, and SSI payments under Titles II and XVI of the Act on January 21, 2005. (Tr. 12). The claim was denied by the Commissioner on May 2, 2005. (Tr. 23). Ms. Looney filed a timely written request for a hearing on May 31, 2005. (Tr. 12, 28). The video hearing was held on September 13, 2006. (Tr. 12). The ALJ concluded that Ms. Looney was not disabled and denied her application on December 20, 2006. (Tr. 9-19).

Ms. Looney filed a complaint on June 26, 2007, which asks this court to review the ALJ's decision. (Doc. 9). This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW[2]

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence a reasonable person would accept as adequate to support a conclusion." *Id.*  Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish the entitlement for a period of disability, a claimant must be disabled as defined by the Act and the Regulations

---

[2]In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion shall be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)    whether the claimant can perform her past work; and
(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[3]The "Regulations" promulgated under the Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 51 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job."  *Pope*, 998 F.2d at 477; *accord, Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy.  *Id.*

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Looney has not engaged in substantial gainful activity since the alleged onset of her disability on December 31, 2001.  (Tr. 14).  She also found that, in combination, Ms. Looney's degenerative disc disease, migraine headaches, asthma, obesity, and osteoarthritis are impairments considered "severe" based on the requirements in Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 14).  The ALJ then found that the medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations.  (Tr. 16).

The ALJ concluded that Ms. Looney's impairments do not prevent her from performing her past relevant work.  (Tr. 18).  The ALJ determined that Ms. Looney

retains a residual functional capacity (hereinafter "RFC") to perform the exertional demands of sedentary work.[4]  (Tr. 16).  Additionally, the ALJ noted that Ms. Looney's capacity for the full range of sedentary work is diminished by her need to exercise a sit/stand option, and by a significant non-exertional limitation which includes mild to moderate pain that is reasonably expected to impose mild to moderate functional limitations upon her ability to engage in basic work activities. (Tr. 16).

The vocational expert (hereinafter the "VE") testified that Ms. Looney's past relevant work as a medical receptionist is sedentary exertionally; semi-skilled in nature; and that she had acquired skills which would transfer to other jobs at the sedentary level of physical exertion consistent with the description of her previous jobs as contained in the *Dictionary of Occupational Titles*.[5]  (Tr. 18, 233-35).  The VE further testified that an individual of Ms. Looney's age, education, work experience, and RFC would be able to perform her past relevant work as a

_____

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other certain sedentary criteria are met."  20 C.F.R. § 404.1567(a).

[5] The *Dictionary of Occupational Titles* provides different examples of work activities that fall within the residual functioning capacity for medium work.  (Washington, D.C.: U.S. Dept. of Labor, Employment and Training Administration: U.S. G.P.O., 1993).  Available online at: http://www.occupationalinfo.org.

receptionist, as well as other jobs existing in significant numbers in the national economy such as information clerk and office clerk. (Tr. 235). The VE also testified that these jobs numbered in excess of 10,000 in the state of Alabama. The ALJ then determined that Ms. Looney is able to perform her past relevant work as it was generally performed. (Tr. 18).

In reliance on 20 C.F.R. §§ 404.1520(g) and 416.920(g), the ALJ concluded that Ms. Looney was not under a disability at any time through the date of the ALJ's decision and, therefore, was not eligible for a period of disability, DIB, or SSI under §§ 216(i), 223, 1602, and 1614(a)(3)(A) respectively, of the Act. (Tr. 19).

## ANALYSIS

_____The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]

Ms. Looney alleges that the ALJ's decision was not supported by substantial

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

evidence and that the ALJ failed to apply the correct legal standards in making her decision.  (Doc. 9 at 1).  In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards.

## I.    THE ALJ'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Ms. Looney asserts that the ALJ's decision is not supported by substantial evidence.  (Doc. 9 at 1).  Using the SSA's five-step sequential evaluation process, the ALJ concluded that Ms. Looney was not disabled when she determined that Ms. Looney was able to perform her past relevant work (20 C.F.R. §§ 404.1520(f) and 416.920(f)).  (Tr. 18).  Specifically, the ALJ determined that Ms. Looney's RFC to perform sedentary work would allow her to perform work-related activities consistent with her past relevant work as a receptionist.  (Tr. 18).

The ALJ is responsible for the RFC assessment when hearing a dispute.  *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2), 404.1546, 416.946.  RFC is "the most [an individual] can still do despite [her] limitations," and the ALJ will assess RFC based on "all the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545(a), 416.945(a).

The ALJ reviewed the entirety of the medical evidence on record (hereinafter

8

the "MER"). (Tr. 15-18). The ALJ's review of Ms. Looney's treatment record recognizes a history of treatment for migraine headaches by Dr. Hamo, M.D., a neurology specialist and her treating physician. (Tr. 15). The ALJ noted in detail the April 2005 report of Dr. Aldaher, M.D., who performed a consultative general medical examination of Ms. Looney. (Tr. 15-18). Additionally, the ALJ examined the September 2005 report of Dr. Boulware, M.D., a rheumatology specialist, noting the diagnoses of "arthralgias and myalgias, most likely related to osteoarthritis of the hand and morbid obesity; and iron deficiency anemia." (Tr. 16). Finally, the ALJ scrutinized the medical records from Lister Hill Health Center, where Ms. Looney received monthly follow-up and medication monitoring from August through December 2005. (Tr. 16).

"It is well-established that 'the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Crawford v. Commissioner of Social Security,* 363 F.2d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The ALJ gave great weight to the report of Ms. Looney's treating physician, and the ALJ's RFC finding is not inconsistent with it. The ALJ noted Dr. Hamo's opinion that the headache and neck pain can be successfully managed with medication and that recurrent pain is a result of non-compliance with her medication regimen. (Tr. 15, 17,

9

101-109).   The ALJ also took into account the lack of treatment, emergency or otherwise, for the migraine and neck pain since 2001.  (Tr. 17).

Ms. Looney alleges difficulties due to symptoms associated with osteoarthritis of the hands and fingers.  (Doc. 9 at 8).  The ALJ cited Dr. Aldaher's report that showed no evidence of muscle weakness, arthritic deformity, or swelling, and a normal grip strength bilaterally.  (Tr. 17, 156-69).  The ALJ further mentioned the physician's opinion that Ms. Looney is fully capable of lifting, carrying, and handling objects with no restrictions.  (Tr. 17).  Additionally, the ALJ noted Dr. Boulware's opinion that the osteoarthritic changes were mild in severity and that there was no evidence of inflammatory arthritis.  (Tr. 17).

With respect to Ms. Looney's complaints of obesity, degenerative disc disease of the lumbar spine and diffuse joint pain secondary to arthritis, the ALJ cited the reports of Dr. Aldaher and Dr. Boulware.  Specifically, the ALJ noted Dr. Aldaher's opinion that Ms. Looney is capable of performing work-related activities such as sitting, standing, walking, lifting, and carrying without limitations.   (Tr. 17). Moreover, the ALJ cited Dr. Boulware's opinion that she "maintained full muscle strength (5/5) throughout, full range of motion of all joints, and exhibits no evidence of active synovitis, effusion, or significant deformities."  (Tr. 17-18).

Ms. Looney also alleges significant functional limitations secondary to asthma.

10

(Tr. 232).  The ALJ's decision, however, noted that she had not required treatment for an asthma exacerbation or asthma related illness since 1999. (Tr. 18).  The ALJ further observed that the medical evidence showed that all pulmonary examinations were completely within normal limits, that she suffers from no greater than mild restrictive airway disease, and that any pulmonary impairment is successfully managed with inhalant therapy.  (Tr. 18).

In sum, the ALJ reviewed and incorporated the entire MER into her RFC finding.  She gave great weight to the opinion of Ms. Looney's treating physician as it related to her migraine headaches and neck pains.  Furthermore, the ALJ gave great weight to the opinions of the consulting physicians as they related to the other complaints.  The opinions of the consulting physicians accord with that of the treating physician and are also consistent with the ALJ's RFC finding.   Accordingly, the ALJ's decision is supported by substantial evidence, and the court affirms the ALJ's decision as to this issue.

## II.   THE ALJ APPLIED THE CORRECT LEGAL STANDARD.

Ms. Looney contends that the ALJ failed to properly apply the correct legal standards in reaching her decision.  As explained below, the court disagrees with that contention.

     **A.**    **The ALJ properly followed the pain standard set by the Eleventh Circuit.**

Ms. Looney argues that the ALJ failed to properly follow the pain standard set by the Eleventh Circuit. (Doc. 9 at 7, 10). Specifically, she alleges that her testimony and the MER establish a diagnosis of conditions of such a severity that they can be reasonably expected to give rise to the alleged symptoms of pain. (Doc. 9 at 8). Moreover, she contends that the VE's testimony - that an individual with her limitations and suffering from pain to the degree she has claimed would be incapable of performing work-related activities - supports her claim for disability. (Doc. 9 at 8).

The Eleventh Circuit has supplied the "pain standard" that applies when a disability claimant attempts to establish a disability through his or her own testimony of pain or other subjective symptoms. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). In determining whether to credit a claimant's subjective testimony of pain or other symptoms, the pain standard requires:

> [E]vidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560; *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991);

*Landry,* 782 F.2d at 1553 (citing *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir. 1985)).

Applying this standard to the present case, the ALJ determined that Ms. Looney's claim could satisfy the second prong of the pain standard, because her "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 17).  However, the ALJ noted that Ms. Looney's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  (Tr. 17).

The Eleventh Circuit has recognized that a credibility finding is within the "province of the ALJ."  *Moore v. Barnhart,* 405 F.3d 1208, 1212 (11th Cir. 2005). "[Credibility] findings are necessary and crucial where subjective pain is an issue." *Walden,* 672 F.2d at 839.  However, if an ALJ discredits a claimant's testimony regarding the severity of his or her symptoms, the ALJ must "articulate explicit and adequate reasons" for doing so.  *Foote,* 67 F.3d at 1561-62.  Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that such testimony be accepted as true.  *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988); *see also Hale v. Bowen,* 838 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1987); *Holt*, 921 F.2d at 1223.

13

In the present case, the ALJ did in fact articulate explicit reasons for discrediting Ms. Looney's testimony regarding her subjective complaints. With respect to her migraine headaches, the ALJ noted that treatment records from Dr. Hamo reveal that her head and neck pain can be successfully managed with medication and that relapses result from her non-compliance with her medication regimen. (Tr. 17). Non-compliance with treatment as prescribed by a treating physician is a factor that the ALJ may consider in assessing the credibility of alleged pain. *See* S.S.R. 96-7P, 61 Fed. Reg. 34483 (1996). The ALJ also considered that Ms. Looney's headaches have never been of such an intensity to require emergency room treatment and that she has not sought treatment for them since 2001. (Tr. 17). Lastly, the ALJ noted that Ms. Looney failed to either mention her debilitating migraine headaches, or claim to be suffering from their symptoms, at her consultative examinations in April and September 2005. (Tr. 17).

Additionally, Ms. Looney also claims to have gross and fine manipulative difficulties due to symptoms associated with osteoarthritis of the hands and fingers. (Doc. 9 at 8). However, as the ALJ observed, Dr. Aldaher's April 2005 examination found no evidence of muscle weakness, arthritic deformity, or swelling of the hands and he determined that she was fully capable of lifting, carrying, and handling objects with no restrictions. (Tr. 17). And although in September 2005 Dr. Boulware did

14

find some bilateral hand deformity secondary to osteoarthritis, the ALJ noted the doctor's opinion that the "changes were fairly insignificant, no greater than mild in severity, and that there was no evidence of inflammatory arthritis." (Tr. 17).

Ms. Looney further alleges an inability to sit, stand, and walk for prolonged periods due to degenerative joint and disk disease of the lumbar spine and diffuse joint pain secondary to arthritis. (Tr. 17). The ALJ observed, however, that the medical opinion contradicts her allegations relating to these claimed inabilities. More specifically, the ALJ cited the April 2005 opinion of Dr. Aldaher that found Ms. Looney to have full range of motion of the cervical and lumbar spine and all major joints of the upper and lower extremities, and to be fully capable of performing work related activities such as sitting, standing, walking, lifting, and carrying without limitations. (Tr. 17).

At the hearing before the ALJ, the VE testified that an individual complaining of the same pain symptoms and diagnosed with the same ailments as Ms. Looney would not be able to find jobs in the economy. (Tr. 234). Ms. Looney points to this testimony as supporting her allegation that the ALJ improperly applied the pain standard. However, that hypothetical contained the subjective complaints of pain that were partially discredited by the ALJ. Moreover, the VE thereafter testified that an individual experiencing the mild to moderate level of pain that the ALJ had credited

15

would be able to return to some of her past work which is readily available in the local economy.  (Tr. 234-35).

Therefore, the ALJ articulated explicit and adequate reasons for discrediting Ms. Looney's testimony regarding the severity of her symptoms.  Accordingly, the court finds that the ALJ properly applied the pain standard set by the Eleventh Circuit to determine that Ms. Looney is not disabled within the meaning of the Act.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submission of the parties, the court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this 28th day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16